**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

---

OTU A. OBOT,

                                        **Plaintiff,**

                    **-vs-**                                        **13-CV-656A(Sr)**

SALLIE MAE,

                                        **Defendant.**

---

## REPORT, RECOMMENDATION AND ORDER

This case was referred to the undersigned by the Hon. Richard J. Arcara, pursuant to 28 U.S.C. § 636(b)(1), for all pretrial matters and to hear and report upon dispositive motions.  Dkt. #8.

Currently before the Court is defendant's motion to dismiss the complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to allege sufficient facts to state a plausible cause of action.  Dkt. #6.  For the following reasons, it is recommended that the motion be granted.

## BACKGROUND

Plaintiff's *pro se* complaint seeks to recover monetary damages "for intentional violations of plaintiff's civil rights and other personal rights as reserved within the 5[th], 9th, and 14th amendments of the Constitution of the United States; and to

challenge the over $19,000 in questionable and fraudulent interests, late fees and penalties charged on instant education loan, including but not limited to jurisdictional torts and intentional violations of the Fair Credit Reporting Act - Fair Credit Collection Practices Act – and the Fair and Accurate Credit Transaction Act of 2003." Dkt. #1.  In support of his claims, plaintiff alleges the following facts:

- On or about March 22, 2013, plaintiff received a letter from defendant stating that he was ineligible for deferment of his student loan obligations, but might be eligible for forbearance.

- Although the letter indicated that a forbearance form was attached, no such form was included.

- When plaintiff requested a forbearance form by telephone, defendant refused to provide one unless plaintiff provided his social security number.

- Plaintiff provided defendant with his account number and the last four digits of his social security number but refused to disclose his complete social security number.

- On May 22, 2013, plaintiff received payment vouchers from defendant for loan payments due June 21, 2013 and July 21, 2013.[1]

- On May 28, 2013, plaintiff received a letter from defendant stating that following the denial of plaintiff's economic hardship deferment request, plaintiff's loan was past due as of April 21, 2013 with a delinquency of $1,362.52 plus late payment fees.

- Thereafter, defendant began calling plaintiff's house at odd hours of the day, four to five times a day, every day for several days,[2] demanding payments of the delinquency.

---

[1] In response to defendant's motion to dismiss, plaintiff submitted a copy of payment vouchers for payments due June 21, 2012 and July 21, 2012.  Dkt. #16, p.14.

[2] In response to defendant's motion to dismiss, plaintiff submitted a list of 162 telephone calls from defendant between 9:00 a.m. and 5:00 p.m. from May 20, 2013 through September 7, 2013.  Dkt. #16, pp.15-23.

- On or about June 5, 2013, plaintiff received a past due notice informing him that defendant had reported plaintiff's alleged delinquency to consumer reporting agencies and that late fees were continuing to accrue on the delinquency.

Dkt. #1.

## DISCUSSION AND ANALYSIS

To survive a motion to dismiss pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009), *quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678.  Application of this standard is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679.

As an initial matter, plaintiff cannot pursue constitutional claims against the defendant because he has not alleged that Sallie Mae is a government actor.[3]  *See Fabrikant v. French*, 691 F.3d 193, 206 (2d Cir. 2012) ("Because the United States Constitution regulates only the Government, not private parties, a litigant claiming that his constitutional rights have been violated must first establish that the challenged conduct constitutes state action.").

---

[3] The Court notes that Sallie Mae is a publicly traded, private company.  *See* https://www.salliemae.com/about/investors/

Plaintiff's statutory claims are based upon the Consumer Credit Protection Act, 15 U.S.C. § 1601 *et seq*.  However, plaintiff fails to allege sufficient facts to suggest a plausible claim pursuant to any of the statutes cited, or any other claim encompassed by the Act.  For example, plaintiff claims a violation of 15 U.S.C. § 1681, a section encompassed with the Fair Credit Reporting Act, as amended by the Fair and Accurate Credit Transactions Act of 2003, which, *inter alia*, regulates credit reporting procedures and codifies a consumer's right to dispute information reported to a credit agency.

In addition to regulating the conduct of credit reporting agencies, the Fair Credit Reporting Act requires "furnishers of information" to provide accurate information to credit reporting agencies and to correct inaccurate information.  *See Dickman v. Verizon Commc'ns, Inc.*, 876 F. Supp.2d 166 (E.D.N.Y. 2012); *Markovskaya v. American Home Mortg. Serv'g, Inc.*, 867 F. Supp.2d 340 (E.D.N.Y. 2012). Enforcement of this statute is generally left to governmental agencies, however, with an exception set forth in 15 U.S.C. § 1681s-2(b) authorizing a private cause of action only after a consumer reporting agency notifies the furnisher of information that it has received notice of a dispute from a consumer and the furnisher of the information fails to conduct a reasonable investigation into the dispute, inform the credit reporting agency of the results of the investigation and report any corrections to all other credit reporting agencies.  *Trikas v. Universal Card Servs. Corp.*, 351 F. Supp.2d 37, 44 (E.D.N.Y. 2005); *Crawford v. Duncan*, No. 11-CV-3774, 2013 WL 1346382, at *4 (E.D.N.Y. April 3, 2013).  As plaintiff alleges no facts to suggest that he complained to a credit

reporting agency or that a credit reporting agency notified defendant that plaintiff was disputing defendant's reporting of plaintiff's delinquent student loan obligations, it is recommended that this aspect of defendant's motion to dismiss be granted.

Plaintiff fares no better with his citation to the Fair Debt Collections Practices Act ("FDCPA"), which requires factual allegations plausibly suggesting that defendant is a debt collector.  However, the FDCPA excludes from the definition of debt collector any person attempting to collect a debt which was not in default at the time it was obtained by that person. 15 U.S.C. § 1692a(6)(f).  "Under this so-called default exception, courts have consistently held that agencies such as Sallie Mae that are involved in the administration and servicing of student loans are not 'debt collectors.'" *Mondonedo v. Sallie Mae, Inc.*, No. 07-4059, 2009 WL 801784, at *3 n.28 (D. Kan. March 25, 2009 )(collecting cases).  As plaintiff's factual allegations suggest that defendant obtained the loan prior to plaintiff's request for an economic hardship deferment sometime before March of 2013 and that the first installment past due was subsequent to that, plaintiff has failed to plausibly allege that defendant obtained the debt subsequent to default or that defendant otherwise falls within the definition of a debt collector.

## CONCLUSION

Based on the foregoing, it is recommended that defendant's motion to dismiss (Dkt. #6), be granted.

Therefore, it is hereby ORDERED pursuant to 28 U.S.C. § 636(b)(1) that:

This Report, Recommendation and Order be filed with the Clerk of the Court.

ANY OBJECTIONS to this Report, Recommendation and Order must be filed with the Clerk of this Court within fourteen (14) days after receipt of a copy of this Report, Recommendation and Order in accordance with the above statute, Fed.R.Civ.P. 72(b) and Local Rule 72(b).

The district judge will ordinarily refuse to consider *de novo* arguments, case law and/or evidentiary material which could have been, but were not presented to the magistrate judge in the first instance.  *See, e.g., Patterson-Leitch Co. v. Massachusetts Mun. Wholesale Electric Co.*, 840 F.2d 985 (1st Cir. 1988).

Failure to file objections within the specified time or to request an extension of such time waives the right to appeal the District Court's Order.  *Thomas v. Arn*, 474 U.S. 140, 106 S. Ct. 466, 88 L. Ed.2d 435 (1985); *Wesolek v. Canadair Ltd.*, 838 F.2d 55 (2d Cir. 1988).

The parties are reminded that, pursuant to Rule 72(b) of the Local Rules for the Western District of New York, "written objections shall specifically identify the portions of the proposed findings and recommendations to which objection is made and the basis

for such objection and shall be supported by legal authority."  <u>Failure to comply with the provisions of Rule 72(b) may result in the District Judge's refusal to consider the objection.</u>

The Clerk is hereby directed to send a copy of this Report, Recommendation and Order to the attorneys for the parties.

**SO ORDERED.**

**DATED:**     **Buffalo, New York**
             **December 23, 2013**

                      *s/ H. Kenneth Schroeder, Jr.*
                      **H. KENNETH SCHROEDER, JR.**
                      **United States Magistrate Judge**